IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES HENRY ADUDDLE, | § | |
| TDCJ-CID NO.1191046, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-3358 |
| | § | |
| TRUMAN BODY, *et al.*, | § | |
|   Defendants. | § | |

OPINION ON PARTIAL DISMISSAL

  Plaintiff James Henry Aduddle, a state inmate, filed this complaint for violation of his civil rights under 42 U.S.C. § 1983 with respect to events that led to his felony convictions. (Docket Entry No.1). Plaintiff has been granted leave to proceed *in forma pauperis*. (Docket Entry No.4). Plaintiff seeks a new trial and compensatory damages. (Docket Entry No.2). Plaintiff has also filed a separate pleading, entitled "State Tort Action in Federal Court Pursuant to 28 U.S.C.A. § 1367," in which he asserts claims against defendants under the laws of the State of Texas. (*Id.*). For the reasons that follow, the Court will dismiss plaintiff's federal claims against two state district judges and two court clerks, the Fort Bend District Attorney, plaintiff's trial counsel, and the City of Sugar Land Police Department pursuant to 28 U.S.C. § 1915(e)(2)(B).

BACKGROUND

  On August 28, 2003, the 240th District Court of Fort Bend County, Texas, convicted plaintiff of two counts of attempted capital murder and one count of aggravated robbery in cause numbers 36,729, 36,730, and 36,731, respectively, upon his plea of guilty. *Aduddle v. State*, 2004 WL 2250988 (Tex. App.–Houston [1st Dist.] October 7, 2004, no. pet) (memorandum opinion not designated for publication). The state district court sentenced plaintiff to confinement for thirty

years in each case in accordance with a plea bargain agreement. *Id.* No appeal was taken from those convictions. *Id.*

On September 14, 2005, the Texas Court of Criminal Appeals dismissed plaintiff's state habeas applications for non-compliance and ordered them returned to plaintiff. Texas court websites.[1]

In his original complaint, the memorandum in support of the complaint, and the more definite statement (Docket Entries No.1, No.2, No.7), plaintiff alleges the following:

On July 24, 2002, several City of Sugar Land police officers saw plaintiff in his vehicle. Because they suspected that he had been involved in a bank robbery, they followed him to his house. While the officers and other law enforcement personnel gathered outside the house, plaintiff went inside and expressed his love to his wife and grandchild. Although he had a gun in the house, plaintiff went to the doorway of the house unarmed to give himself up. Police Officer Tracy Taylor, however, fired his gun at plaintiff and other officers, including Officer Truman Body, followed suit. Plaintiff was shot five times. Other officers kicked in the door to his house. As a result of the shooting, plaintiff lost the use of a hand. He also continues to experience pain in areas where he was shot.

Plaintiff claims that because the force to facilitate the arrest was excessive, Sugar Land police officers conspired to conceal their misconduct by entering a "code of silence." He also claims that Fort Bend District Attorney Fred M. Felchman fabricated false evidence to convict him of the

---

[1] *See* http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2210547, 2210548, 2210549.

aggravated robbery charge in cause number 36,731 and to cover up the criminal conduct of the Sugar Land police.

Plaintiff further claims that State District Judge Thomas R. Culver, III, conspired with Felchman and the Sugar Land police officers by finding plaintiff guilty even though Culver knew the evidence presented to support the guilty plea was fabricated.

Plaintiff also maintains that his trial counsel, Maggie Perez-Jaramillo, engaged in malpractice, criminal misconduct, and joined the conspiracy by assisting the district attorney in convicting plaintiff. Plaintiff contends that his trial counsel knew the evidence against him was fabricated but she did not object to its admission. He further contends Perez-Jaramillo did not present a defense and withheld information until the State Bar of Texas forced her to "give some of it up." (Docket Entry No.2, page 12).

Plaintiff complains that District Clerk Glory Hopkins and Deputy Clerk Michell Albright also conspired to cover-up the criminal wrong-doing by setting a civil suit brought by plaintiff's wife and his granddaughter in the 240th District Court of Fort Bend County, where Judge Culver presides.

Plaintiff filed state habeas applications challenging each criminal conviction on June 8, 2004. Although unclear from the pleadings, it appears that plaintiff also filed a motion to recuse Judge Culver. On July 22, 2004, the district clerk voided the habeas applications without stating a reason. On September 14, 2004, plaintiff filed a second set of state habeas applications, which he forgot to verify. The district clerk did not return the applications to plaintiff but forwarded them to the Fort Bend District Attorney. On October 6, 2004, the District Attorney filed a response to the habeas applications, arguing that they were not verified. Judge Culver refused to rule on the applications

because "he was being recused" and could do nothing pursuant to Rule 18a(d) of the Texas Rules of Civil Procedure.[2] On October 8, 2004, plaintiff filed a second motion to recuse Judge Culver. Judge Culver denied the recusal motion a few days later and notified Judge Olen Underwood, the Regional Presiding Judge of the Second Administrative District, as required by Rule 18a of the Texas Rules of Civil Procedure.[3] Judge Underwood did not hold a hearing on the motion or appoint a designee to hold a hearing on the denial of the recusal motion as required by Rule 18a(d) of the Texas Rules of Civil Procedure.

On April 4, 2005, plaintiff filed a state petition for writ of mandamus in the Texas Court of Criminal Appeals in cause number 61,843-01. He complained that the district clerk voided the first set of state habeas applications and returned them without explanation. On September 9, 2005, the Texas Court of Criminal Appeals denied without written order plaintiff's petition for writ of mandamus. Eventually, the second set of state habeas applications were forwarded to the Court of Criminal Appeals, which returned them to plaintiff on October 7, 2005, for lack of verification. Plaintiff filed a motion for rehearing on October 19, 2005, which he claims is still pending.[4]

Plaintiff complains that by delaying a hearing on the denial of the motion to recuse, Judge Underwood allowed Judge Culver to avoid complying with Section 3(c) of Article 11.07 of the Texas Code of Criminal Procedure, which required Culver to decide if there are controverted,

---

[2] If the judge declines to recuse, he cannot make any further orders and take no further action in the case, except for good cause stated in the order, until a hearing is held by an administrative judge or his designee. TEX. R. CIV. PROC. 18a(d).

[3] Rule 18a requires that upon the denial of a motion to recuse and before any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion. TEX. R. CIV. PROC. 18a(c).

[4] State court records reflect that the motion was received but not filed. *See* Texas Court of Criminal Appeals website.

previously unresolved facts material to the legality of plaintiff's confinement. Plaintiff maintains that Judge Underwood's inaction kept him in limbo and allowed Judge Culver to cover-up the corruption of the Sugar Land police and the criminal conduct of the Fort Bend judiciary. He further maintains that by failing to hold a hearing, Judge Underwood joined the conspiracy to cover-up the fabricated evidence. Plaintiff complains that Judge Underwood also denied him due process by failing to act pursuant to Rule 18(d).

## DISCUSSION

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th

Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

Defendants Felchman, Culver, and Perez-Jaramillo

In *Heck v. Humphrey*, the Supreme Court held that "[a] section 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996) (quoting *Heck*, 512 U.S. 477, 486-87 (1994)). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 486-87. When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. If it would, the court must dismiss the complaint unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id. Heck* also applies to claims for injunctive relief. *Edwards v. Balisok*, 520 U.S. 641, 643 (1997); *Clarke v. Stalder*, 154 F.3d 186 (5th Cir. 1998) (finding favorable ruling on request for injunctive relief would necessarily imply the invalidity of loss of good-time credits).

Plaintiff's convictions have not been invalidated and a favorable judgment on his claims of fabrication of evidence and conspiracy against Fort Bend District Attorney Fred M. Felchman, State District Judge Thomas R. Culver, III, and plaintiff's trial counsel Maggie Perez-Jaramillo , would necessarily imply the invalidity of this conviction or sentence. Therefore, plaintiff's federal civil rights claims against defendants Felchman, Culver, and Perez-Jaramillo are not cognizable and must be dismissed.

## Defendant Underwood

To extent, plaintiff complains that Judge Underwood denied him due process and conspired with other defendants to uphold plaintiff's convictions by not holding a hearing on Judge Culver's refusal to recuse, plaintiff's complaint is legally frivolous.

To establish a § 1983 cause of action based upon conspiracy, a plaintiff must do more than make blanket allegations of conspiracy. *Arsenaux v. Roberts*, 726 F.2d 1022, 1023-24 (5th Cir. 1982). He must allege facts that, liberally construed, establish (1) defendants' participation in a conspiracy involving state action, and (2) a deprivation of his civil rights in furtherance of the conspiracy by a party to the conspiracy. *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds by Martin v. Thomas*, 973 F.2d 449 (5th Cir. 1992). Plaintiff must also show that the conspirators had an agreement to commit an illegal act that resulted in the plaintiff's injury. *Arsenaux*, 726 F.2d at 1024; *Thomas v. City of New Orleans*, 687 F.2d 80, 83 (5th Cir. 1982).

Plaintiff states no facts that would give rise to a claim that Judge Underwood participated in a conspiracy or agreed with anyone to commit an illegal act or that he denied plaintiff due process by failing to hold a hearing on the recusal motion. Even if Judge Underwood violated state

procedure by failing to hold the recusal motion, the proper inquiry is whether there has been a constitutional infraction of the plaintiff's due process rights which would render the trial as a whole fundamentally unfair. *See Sawyer v. Butler*, 848 F.2d 582, 594-95 (5th Cir. 1988). Because such a finding would necessarily imply the invalidity of plaintiff's conviction or sentence, his due process claim against Judge Underwood is not cognizable and must be dismissed pursuant to *Heck.*

### Defendants Glory and Albright

Plaintiff's conspiracy allegations against district clerks Glory and Albright are not supported with any allegations of specific facts. Therefore, they are legally insufficient to avoid dismissal as frivolous.

### The Sugar Land Police Department

Whether an entity has the capacity to sue or be sued is determined by reference to state law. FED. R. CIV. P. 17(b). In Texas, a police department generally does not enjoy a legal existence distinct from that of the municipality and is therefore not a legal entity capable of being sued. *Darby v. Pasadena Police Dept*, 939 F.2d 311, 313 (5th Cir. 1991). Plaintiff bears the burden of showing that a city department has the capacity to be sued. *Id.* at 314. Plaintiff, however, has failed to allege or demonstrate that the Sugar Land Police Department is a separate legal entity having jural authority. Accordingly, plaintiff's claims against the Sugar Land Police Department are frivolous and subject to dismissal.

### Police Officers

Plaintiff's claim that City of Sugar Land police officers engaged in a conspiracy by entering a code of silence is also subject to dismissal because plaintiff states no facts to show that any officer conspired to cover-up their actions or agreed to do an illegal act. Therefore, plaintiff's federal

conspiracy claims against defendants Body, Taylor, Sosa, and unnamed officers will be dismissed as frivolous.

Plaintiff, however, has stated a cognizable Fourth Amendment claim against these officers with respect to the use of excessive force.  Accordingly, the Court will retain this claim.

## CONCLUSION

Based on the foregoing, the Court ENTERS the following ORDERS:

1. Plaintiff's federal civil rights claims against all defendants except City of Sugar Land Police Officers Truman Body, Tracy Taylor, Scott Sosa, and other unnamed officers are DISMISSED, with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff's federal conspiracy claims against City of Sugar Land Police Officers Truman, Taylor, Sosa, and other unnamed officers are DISMISSED, with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's Fourth Amendment excessive force claims against defendants Truman, Taylor, Sosa, and other unnamed officers are RETAINED.

3. Plaintiff's state law claims against all defendants are RETAINED.

4. All motions, if any, are DENIED.

The Clerk will provide copies of this Order to the parties.

**SIGNED** at Houston, Texas, this 14th day of March, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE