IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES HENRY ADUDDLE, | § | |
| TDCJ-CID NO.1191046, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-3358 |
| | § | |
| TRUMAN BODY, *et al.*, | § | |
|     Defendants. | § | |

## OPINION ON DISMISSAL

Plaintiff James Henry Aduddle, a state inmate proceeding *pro se* and *in forma pauperis*, filed the pending complaint for violation of his civil rights under 42 U.S.C. § 1983 with respect to events that led to his felony convictions. (Docket Entry No.1). Plaintiff seeks a new trial and compensatory damages. (Docket Entry No.2). Plaintiff has also filed a separate pleading, entitled "State Tort Action in Federal Court Pursuant to 28 U.S.C.A. § 1367," in which he asserts claims against defendants under the laws of the State of Texas. (*Id.*). On March 14, 2006, the Court dismissed all of plaintiff's federal claims except for his claims of excessive force against City of Sugar Land Police Officers Truman Body, Tracy Taylor, Scott Sosa and other unnamed officers, and his state law claims. (Docket Entry No.9). Pending are defendants' motion to dismiss and motion for summary judgment. (Docket Entries No.16, No.32). For the reasons that follow, the Court will grant defendants' motion for summary judgment and dismiss the pending complaint.

## BACKGROUND

In his original complaint, his memorandum in support of the complaint, and his response to the Court's Order for More Definite Statement (Docket Entries No.1, No.2, No.7), plaintiff alleges the following:

On July 24, 2002, several City of Sugar Land police officers saw plaintiff in his vehicle. Because they suspected that he had been involved in a bank robbery, they followed him to his house. While the officers and other law enforcement personnel gathered outside the house, plaintiff went inside and expressed his love to his wife and grandchild. Although he had a gun in the house, plaintiff went to the doorway of the house unarmed to give himself up. Police Officer Tracy Taylor, however, fired his gun at plaintiff, and other officers, including Officer Truman Body, followed suit. Plaintiff was shot five times. Other officers kicked in the door to his house. As a result of the shooting, plaintiff lost the use of a hand. He also continues to experience pain in areas where he was shot.

Defendants move for summary judgment on the following grounds:

1. Plaintiff's claims are barred by limitations;

2. Plaintiff was not deprived of a constitutionally protected right. His claims are barred by *Heck v. Humphrey* and defendants's action were justified;

3. Plaintiff fails to overcome defendants' qualified immunity; and,

4. Plaintiff's claims fail under state law.

(Docket Entry No.32).

## DISCUSSION

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with

'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

### A. Limitations

In §1983 cases, federal courts apply the forum state's general personal injury limitations, *Burrell v. Newsom*, 883 F.2d 416, 418 (5th Cir. 1989), and its coordinate tolling provisions. *Hardin v. Straub*, 490 U.S. 536 (1989). In Texas, the limitations period for personal injury claims is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon 2002).

The accrual of a cause of action under § 1983 is determined by reference to federal law. *Burrell*, 883 F.2d at 418; *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980). Under the federal standard, "the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Listi*, 611 F.2d at 1131 (quoting *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). The cause of action accrues when "the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury" or "has reason to know" this information. *Id.* "A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Pitotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). "[A] plaintiff need not have actual knowledge if the circumstances would lead a reasonable person to investigate further." *Id.*

Defendants contend that plaintiff's cause of action accrued no later than July 24, 2002, when Sugar Land Police Officers shot plaintiff during the course of an arrest. Plaintiff executed his civil

rights suit on September 26, 2005, (Docket Entry No.1, page 4), more than a year after limitations expired. Therefore, defendants maintain, plaintiff's claims under § 1983 are time-barred and subject to dismissal. (Docket Entry No.32).

Plaintiff claims that limitations should not have commenced on July 24, 2002, but on October 3, 2003, when he was transferred from the Fort Bend County Jail to the Luther Unit of TDCJ-CID. Plaintiff claims that prior to October 3rd, he suffered a legal disability because he was denied access to the courts. Plaintiff explains that because of the nature of his injuries and medical condition, he was assigned to the medical infirmary in the Fort Bend County Jail, and was unable to access the courts. (Docket Entry No.1).

Although the pending action appears time-barred, the applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998) (noting that "[b]ecause the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control"). In Texas, the statute of limitations is suspended for those under a legal disability. TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(b) (Vernon 2002). The purpose of the tolling provision in section 16.001 of the Texas Civil Practice and Remedies Code is to protect legally disabled persons who have no access to the courts and to insure those persons' right to bring suit is not precluded by the running of limitations before the disability is removed. *Ruiz v. Conoco, Inc.,* 868 S.W.2d 752, 755 (Tex .1993). A person has a legal disability under Texas law for purposes of limitations if he is a minor or has "an unsound mind." TEX. CIV. PRAC. & REM. CODE ANN. § 16.001; *Grace v. Colorito,* 4 S.W.3d 765, 769 (Tex. App.-Austin 1999, pet. denied). Furthermore, the disability of a person of unsound mind is not only the lack of access to the courts, but also the inability to participate in, control, or understand the progression and disposition of the

4

lawsuit. *Id* . Generally, an unsound mind is considered equivalent to insanity or incompetency, though an individual need not be adjudicated insane or incompetent to warrant protection.[1] *Hargraves v. Armco Foods, Inc.,* 894 S.W.2d 546, 547 (Tex. App.-Austin 1995, no writ). Plaintiff bears the burden to show that he is of unsound mind and to demonstrate when such period of disability ended, if it is not ongoing. *Smith v. Erhard*, 715 S.W.2d 707, 709 (Tex. App.–Austin 1986, writ ref'd n.r.e.).

Plaintiff alleges that he was unable to access the courts while confined in the Fort Bend County Jail because of his serious physical condition, which included the five gun shot wounds, a heart attack, a stomach infection, a blood clot in his left lung, heart surgery, and arrhythmia. (Docket Entry No.2, page 8). Plaintiff claims that from July 24, 2002, until his transfer to TDCJ-CID in October 3, 2003,[2] he was "in and out of the hospital to and from the Fort Bend County Jail w[h]ere he was denied access to the courts." (*Id.*). In addition, plaintiff claims his mental capacity was diminished during this time, a claim allegedly supported by two letters from a treating physician. (*Id.*, Exhibits A, B). In the first letter, Dr. Jimmy Robertson, of the Fort Bend Family Health Center, states that plaintiff was a patient at the Fort Bend Family Health Center from September 24, 2002, until September 19, 2003, where he was treated for numerous physical

---

[1] Although the Texas Civil Practice & Remedies Code does not define "unsound mind", the Texas courts have relied on former § 3(y) of the Texas Probate Code, which defines persons of unsound mind as "persons *non compos mentis*, mentally disabled persons, insane persons, and other persons who are mentally incompetent to care for themselves or manage their property and financial affairs." *See, e.g., Jones v. Miller,* 964 S.W.2d 159, 164 (Tex. App.--Houston [14 Dist.] 1998, no pet.) (citing TEX. PROB.CODE ANN. § 3(y) (Vernon 1980) (repealed by Act of May 27, 1995, 74th Leg., R.S., ch. 1039, § 73, 1995 Tex. Gen. Laws 5145, 5170)); *Hargraves v. Armco Foods, Inc.,* 894 S.W.2d 546, 548 (Tex. App.--Austin 1995, no writ) (same); *accord, Nelson v. Reddy,* 898 F.Supp. 409, 411 (N.D. Tex. 1995) (same).

[2] Plaintiff indicates that upon his discharge from the Fort Bend County Jail, he was in transit for thirty days and unable to access the courts until he arrived at the Luther Unit of TDCJ-CID on October 3, 2003. (*Id.*, page 9).

ailments. (*Id*., Exhibit A). In the second, Dr. Robertson states that plaintiff suffered significant stress and anxiety during the period of August 26 through 28, 2003, and that he was seen in Robertson's office in July and September of 2003, for insomnia, anxiety, depression, loss of energy and difficulty concentrating.[3] (*Id.*, Exhibit B). Roberston speculates that plaintiff "may have had difficulty with judgment based on his combination of underlying severe cardiovascular disease, stress, diabetes, cardiac arrhythmia, hypertension and his medical regimen." (*Id.*). He does not opine that plaintiff was insane, incompetent, or of unsound mind during this time.

The Court takes judicial notice of *Aduddle v. Fort Bend County*, Civil Action No.4:04cv2867 (S.D. Tex. Sept. 21, 2006), which plaintiff executed on July 9, 2004, days within the expiration of the two year limitations period. In Civil Action No.4:04cv2867, plaintiff complained that Fort Bend County and Fort Bend County Sheriff Milton Wright deliberately withheld medical care for his left hand, which was injured when Fort Bend County police officers shot him on July 24, 2002. In its Opinion on Dismissal, this Court summarized plaintiff's medical history following his arrest by Sugar Land police officers. The Court noted that plaintiff was hospitalized from July 24, 2002 until August 17, 2002, when he was discharged to the Fort Bend County Jail. *Id.* n.2. From August 19, 2002, until August 29, 2002, plaintiff was in and out of medical treatment facilities for problems related to a heart condition. *Id.* Thereafter, plaintiff remained in the Fort Bend County Jail where on September 9, 12, and 18, 2002, he completed several inmate request forms seeking information on follow-up care for his wounded hand and stomach. *Id.* On October 16, 2002, plaintiff was hospitalized for dizziness and chest pains. He underwent coronary by-pass graft surgery on October

---

[3] Plaintiff was convicted of two counts of attempted capital murder and aggravated robbery on August 20, 2003. TDCJ website-offender information.

29, 2002. He was discharged on November 6, 2002. *Id.* Thereafter, plaintiff sought treatment for his hand from November 15, 2002 through February 24, 2003. *Id.*

Although the record in the pending suit does not show that plaintiff was insane or incompetent during his incarceration in the Fort Bend County Jail, it does reflect that plaintiff suffered severe physical injuries and mental stress during part of his incarceration in the Jail, which may have affected his ability to manage his own affairs.[4] Other records, of which the Court takes judicial notice, show that plaintiff was proactive in seeking medical for treatment for his hand and stomach while incarcerated in the Fort Bend County Jail. *See Aduddle v. Fort Bend County*, Civil Action No. 4:04cv2867. The same record shows that plaintiff timely filed a civil rights complaint against Fort Bend County within the two-year limitations period. *Id.* Moreover, even if plaintiff was of unsound mind until his transfer to TDCJ-CID, plaintiff's complaint would not be timely. According to Dr. Robertson, plaintiff was discharged from the Fort Bend Family Health Center on September 19, 2003. If true, the limitations period to execute the pending suit would have expired on September 19, 2005. Therefore, when plaintiff executed the pending suit on September 26, 2005, the two year limitations period had expired. Although plaintiff indicates that he was in transit for approximately thirty days after his discharge from the Fort Bend County Jail until his arrival at the Luther Unit of TDCJ-CID on October 3, 2003, and was unable to file suit during transit, he fails to show that he was of unsound mind during that time or that his imprisonment, under such circumstances, constituted a legal disability that would toll the limitations period. *See Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (noting that imprisonment does not constitute a legal

---

[4] Liberally construing plaintiff's allegations and Dr. Robertson's statements, the Court notes, without finding, that plaintiff arguably was unable to manage his own affairs because of his physical injuries and emotional stress for no more than 147 days while he was incarcerated in the Fort Bend County Jail.

7

disability and does not toll the running of the statute of limitations under Texas law). Based on the foregoing, the Court finds that plaintiff's complaint in the pending suit was untimely filed and therefore, time-barred. Defendants are entitled to summary judgment on this ground.

### B. Claims on behalf of other plaintiffs

In addition to seeking relief in his own capacity, plaintiff names his granddaughter Shana Joy Stein as a plaintiff in this suit. Stein is a minor. (Docket Entry No.1). Because of her minority, Stein cannot bring suit in her own capacity. FED. R. CIV. P. 17. However, if she has no legal guardian, she may sue through a "next friend," who shall have the same rights as a guardian concerning such suit. TEX. R. CIV. PROC. 44; FED. R. CIV. P. 17(c). Liberally construing plaintiff's complaint, the Court find that plaintiff intended to bring suit in his own capacity and in a next friend capacity for Stein. Plaintiff does not indicate whether a legal guardian has been appointed to represent Stein; and therefore, his pleadings do not show whether he may proceed as her next friend.[5] *See City of Houston v. Woods*, 138 S.W.3d 574, 579 (Tex. App.–Houston [14th Dist.] 2000, no pet.) (noting that once appointed, the guardian ad litem displaces the next friend and becomes the personal representative of the minor).

Assuming that plaintiff could sue on behalf of Stein as her next friend, his status as a *pro se* litigant still precludes plaintiff from representing Stein in federal court. An individual who is not licensed to practice law may not represent another party in federal court even on a next friend basis. *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978); *see also Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) (holding that an individual who is "not admitted to practice law is "not authorized

---

[5] Plaintiff implies that the Texas Department of Child Protective Services might have removed Stein from her grandmother's custody. (Docket Entry No.2, part 2, page 6).

to appear in any court to represent a third party"). The Fifth Circuit Court of Appeals has not explicitly adopted this rule as it relates to parents, but has endorsed the principle that a "non-attorney parent cannot appear *pro se* on behalf of a minor child." *See Harris v. Apfel*, 209 F.3d 413, 415 (5th Cir. 2000) (distinguishing cases from Social Security appeals where non-attorney parent may sustain a *pro se* action on behalf of a minor child). Given his *pro se* status, the Court finds that plaintiff may not represent Stein in this § 1983 law suit. Accordingly, Stein will be dismissed as a plaintiff in this case.

Plaintiff also seeks to join his wife as a plaintiff to this suit because she was subject to the same force exhibited by officers on July 24, 2002. (Docket Entry No.28). Because any claims that plaintiff's wife might assert as a necessary party to this action stem from the July 24, 2002 shooting, her claims are barred by limitations. Therefore, plaintiff's motion to add his wife as a plaintiff to this suit, will be denied, as moot.

### C. State Law Claims

Because the present Order disposes of all of plaintiff's constitutional claims against all defendants, the Court declines to address plaintiff's state law claims against these defendants. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) (noting when court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims). Accordingly, plaintiff's state law claims against all defendants will be dismissed without prejudice to refiling in state court.

### CONCLUSION

Based on the foregoing, the Court ENTERS the following ORDERS:

1. Shana Joy Stein, proceeding through plaintiff as her next friend, is DISMISSED and STRICKEN as a plaintiff in this case.

2. Defendants' motion for summary judgment (Docket Entry No.32) is GRANTED.

3. Plaintiffs' federal civil rights claims against all defendants are DISMISSED, with prejudice.

4. Plaintiff's state law claims against all defendants are DISMISSED without prejudice.

5. Defendants' motion to dismiss (Docket Entry No.16) and to take plaintiff's deposition (Docket Entry No. 19) are DENIED, as moot.

6. Plaintiff's Motion to Add Plaintiff (Docket Entry No.28) is DENIED, as moot.

7. All other pending motions, if any, are DENIED.

The Clerk will provide copies of this Order to the parties.

Signed at Houston, Texas, on this 22nd day of January, 2007.

                                              _____
                                              MELINDA HARMON
                                              UNITED STATES DISTRICT JUDGE